Dr. T. Kenneth James, Commissioner Arkansas Department of Education 4 State Capitol Mall Little Rock, AR 72201-1071
Dear Commissioner James:
I am writing in response to your request for my opinion on the following questions:
1. Is an Arkansas school district entitled to receive documentation or records verifying which specific home school students tested or did not test as required by law in any particular school year?
2. Is a school district entitled to home school test records for those home school students who reside within that particular school district?
3. Is a school district entitled to home school test records for those home school students who do not reside within that particular school district?
4. Is a school district entitled to test documentation records that would give detailed test data information on a particular home school student provided the student has tested as required by law or can establish that they are otherwise not considered to have lost their home school status under Arkansas law?
5. Is an Arkansas school district entitled to general statistical test scores for all Arkansas home school students per grade span?
6. Is the provision of Section 7.00 of the Arkansas Department of Education Rules and Regulations Governing Home Schools otherwise within the legislative authority of A.C.A. 6-15-501 et seq.?
RESPONSE
The answer to your first question is unclear under current Arkansas law. Subsection 6-15-504(e)(1) of the Arkansas Code (Supp. 2005) provides that a home student who fails to comply with testing requirements will be subject to Arkansas truancy laws. The statute is silent regarding which agency will determine compliance or how this determination will be made. In accordance with the Code, school districts normally document attendance of public school students for purposes of determining truancy. A.C.A. § 6-18-213 (Supp. 2005). However, education service cooperatives established under § 6-13-1001et seq. (Repl. 1999 Supp. 2005) normally conduct testing of home-schooled students, thus being the only agencies aware in the first instance of who did and did not take a given test. The Code is silent regarding what the cooperatives should do with information regarding which students took a test in order to allow enforcement of the truancy laws. In my opinion, such information is not disclosable to another agency pursuant to the Arkansas Freedom of Information Act (the "FOIA"), codified at A.C.A. §§ 25-19-101 to-109 (Repl. 2002 and Supp. 2005). Moreover, the release of such information pursuant to some other authority might jeopardize the releasing agency's federal funding in light of the proscriptions set forth in the Federal Educational Rights Privacy Act, 20 U.S.C. § 1232g ("FERPA"). Accordingly, legislative clarification regarding the enforcement of A.C.A. § 6-15-504(e)(1) appears warranted. In my opinion, the answer to your second, third and fourth questions is "no." In accordance with the proscriptions set forth in FERPA, Section 7.00 of the Arkansas Department of Education (the "ADE") Rules and Regulations Governing Home Schools expressly prohibits releasing test scores of individually identified home-schooled students to anyone other than the student's parents. With respect to your fifth question, nothing in A.C.A. § 6-15-501 et seq. — the subchapter of the Code devoted to home schooling-suggests that a school district would be "entitled" to such information. However, any citizen might well be "entitled" to an existing, general compilation of such information pursuant to the FOIA. With respect to your sixth question, I can find nothing in Section 7.00, which sets forth the Department of Education's policy with respect to disclosing the test results of home-schooled students, that violates the subchapter of the Code dealing with home schooling. However, given that nothing in that subchapter precludes the disclosure of general statistical data that do not individually identify home students, I believe such data are subject to disclosure pursuant to the FOIA.
Question 1: Is an Arkansas school district entitled to receivedocumentation or records verifying which specific home school studentstested or did not test as required by law in any particular schoolyear?
As noted in the above summary, the answer to your first question is unclear under current Arkansas law.
As an initial matter, it may prove useful briefly to review Arkansas law regarding home schooling. Section 6-15-501 of the Arkansas Code (Repl. 1999) defines a "home school" as "a school primarily conducted by parents or legal guardians for their own children." Subsection6-15-503(a)(1) (Repl. 1999) provides in pertinent part:
 Parents or guardians desiring to provide a home school for their children must give written notice to the superintendent of their local school district of their intent to provide a home school for their children and sign a waiver acknowledging that the State of Arkansas is not liable for the education of their children during the time that the parents choose to home school. . . .
(Emphasis added.)
Notwithstanding the fact that the highlighted language appears to contemplate a complete relinquishment through waiver of what might otherwise have been the state and the school district's responsibility for a home-schooled student's education, various provisions of the subchapter on home schooling suggest an ongoing relationship. For instance, A.C.A. § 6-15-503(a)(3) mandates that the notice of intent to home school supply considerably more information than a mere statement of intent. This statute requires that the notice include the following:
 (A) The name, date of birth, grade level, and name and address of the school last attended, if any, of each student involved;
 (B) The location of the home school;
 (C) The basic core curriculum to be offered;
 (D) The proposed schedule of instruction; and
 (E) The qualifications of the parent-teacher.
Subsection (a)(1)(A) of this statute requires parents or guardians to deliver such written notice annually for an ongoing home student, suggesting that the state maintains an interest in the student at least to the extent of monitoring his curriculum.
The Code further requires that a home-schooled student be periodically tested. The pertinent legislation is set forth at A.C.A. § 6-15-504
(Supp. 2005), which provides:
 (a) Each student enrolled in a home school program who is considered to be at grade level or no more than two (2) years beyond the normal age for the appropriate grade for which the state mandates norm-referenced tests for public school students shall be tested using a nationally recognized norm-referenced achievement test selected by the State Board of Education.
 (b)(1)(A) The administration of the tests required of home-schooled students shall be by the directors of the education service cooperatives[1] established under § 6-13-1001 et seq. or as otherwise designated by the Department of Education.
 (B) For the purposes of this section, the superintendents of the Little Rock School District, North Little Rock School District, and Pulaski County Special School District shall act in lieu of an education service cooperative director.
 (2) The directors of the education service cooperatives shall establish a common set of procedures approved by the Director of the Department of Education for the proper administration of the tests required by this section.
 (3) The administration shall include purchasing the test materials, giving the tests, scoring and interpreting the tests, and reporting test results.
 (c) The cost of testing required by this section shall be the responsibility of the department when the tests are administered by the directors of the education service cooperatives or other department designees.
 (d)(1) Alternate testing procedures may be approved by the director of an education service cooperative after consultation with the parents of a home-schooled student.
 (2) However, any costs associated with an alternate testing procedure shall be the responsibility of the parents.
 (e)(1)(A) Any student who refuses to participate in the testing program or the alternate testing program required by this section has not met the statutory prerequisites for home schooling and, as any other student, shall be subject to the applicable Arkansas laws regarding truancy.
 (B) After a student corrects any refusal to participate in the testing program or the alternate testing program as determined by the department and required by this subsection, the student shall be restored to home school status after his or her parent or guardian has complied with all requirements of § 6-15-503.
 (2) This subsection shall not be applicable to any parent who can present written acknowledgement that the child has been enrolled in a public, private, or parochial school within thirty (30) days of the administration of the state-mandated achievement test.
 (f)(1) Each local school district may assess any home-schooled student who enrolls or reenrolls in the district in order to determine proper educational placement.
 (2) Among other means of assessment, the local school district shall utilize the norm-referenced test approved by the board to assess the student and shall determine placement in the appropriate grade level as indicated by the test results.
 (g) Any home-schooled student who enrolls or reenrolls in a local school district must attend classes for at least nine (9) months immediately before graduation before the student can become eligible to receive a high school diploma from the district.
(Emphases added.)
You report that the testing referenced in this statute is conducted by the Arch Ford Educational Cooperative (the "Coop") on behalf of the Jonesboro School District. Notwithstanding the fact that A.C.A. §6-15-503(a)(1) suggests that the state is in effect devoid of any responsibility for the education of home-schooled children, the sections of A.C.A. § 6-15-504 highlighted above clearly reflect that the state and the school districts bear a certain ongoing responsibility at least to monitor the education of such students. Specifically, subsection (e)(1) of the statute charges authorities with keeping track of which home-schooled students are fulfilling the statutory obligation to participate in the testing program applicable to public-school students-testing in which home-schooled students must participate in order to avoid being declared truant.
However, notwithstanding this apparently continuing responsibility on the part of the state and the school district, the statute is silent regarding which agency will determine compliance with the testing requirement or how this determination will be made. As noted in my summary above, school districts normally document attendance of public school students for purposes of determining truancy. A.C.A. § 6-18-213
(Supp. 2005). However, specifically with respect to the testing of home-schooled students, the education service cooperatives conducting the tests are the only agencies initially situated to determine who did and did not take the tests. Nothing in the Code addresses what the cooperatives should do with information regarding which students tested in order to allow enforcement of the truancy laws.
In addressing this question, I should note initially that I do not consider student-specific testing information disclosable to another agency pursuant to the FOIA. As you point out in your request, for reasons discussed in the attached Ark. Op. Att'y Gen. No. 2004-018, the FOIA does not provide independent authority for the production of records relating to individually identified home-schooled students; indeed, A.C.A. § 25-19-105(b)(2) expressly exempts from the FOIA's disclosure requirements "education records" as defined in FERPA-a category that includes any materials that "contain information directly related to a student." 20 U.S.C. § 1232g(a)(4)(A). See Ark. Ops. Att'y Gen. Nos. 2004-122 and 2004-018.[2] The requesting official was consequently mistaken in couching his request for this information in terms of the FOIA. Any disclosure of student-specific information to an agency other than the educational cooperative itself would consequently need to be pursuant to some statutory or regulatory authority other than the FOIA.
The question therefore becomes whether school district officials might have access to the information at issue as a necessary condition of their performing their official duties. The FOIA does not address who may or may not receive information by virtue of holding an official position. See Ark. Ops. Att'y Gen. Nos. 2002-186; 96-386; 91-323; 91-013 and 89-330. As one recognized commentary on the FOIA has noted regarding whether a requesting official's position in itself warrants disclosure:
 Obviously, the issue becomes important when the documents would be exempt from disclosure under the act, since any citizen has a right of access to nonexempt records. . . . [S]ome officials may be able to obtain access to exempt records by virtue of statutory authority, or subpoena power, or otherwise in the course of their official duties.
John J. Watkins Richard J. Peltz, The Arkansas Freedom ofInformation Act § 3.02[f], at 81 (4th ed. 2004) (footnotes omitted). However, given what I consider the vagueness of A.C.A. § 6-15-504(e) regarding enforcement of the truancy laws with respect to home-schooled students, I am not prepared to opine that the statute alone entitles a school district official to receive the requested information. Moreover, I believe the above discussed FERPA considerations would still apply in the event of a disclosure under the state statute.
As you point out in your request, Section 7.00 of the Arkansas Department of Education Rules and Regulations Governing Home Schools imposes certain restrictions on the dissemination of home-schooled students' test results. Specifically, Section 7.00 provides:
 Test results for home school students will be used for reporting purposes only. The parent/guardian will receive the individual student profile. The Arkansas Department of Education will receive the administrative summaries. The administrative summaries will not contain personally identifiable information.
On its face, this provision applies only to "test results," leaving open the possibility that an education cooperative might not be precluded from disclosing which students took a test, as distinct from how the students performed on the test. Nevertheless, as reflected in the previous paragraph, student-specific information about who took a test would nevertheless qualify as "education records" as defined in FERPA, raising the possibility that officials might terminate any federal funding to which the disclosing agency might otherwise have been entitled. I am unable to determine how an education cooperative could avoid this hazard while still reporting a truancy in accordance with A.C.A. § 6-15-504(e). Although Section 7.00 appears designed to avoid any violation of FERPA restrictions, it leaves unaddressed how state and/or district officials might enforce the truancy laws without the occurrence of an unauthorized disclosure of education records. Legislative clarification regarding this issue appears warranted.
Question 2: Is a school district entitled to home school test recordsfor those home school students who reside within that particular schooldistrict?
As reflected in my response to your first question, I believe (1) that state law does not clearly provide for such access, (2) that the disclosure of such information to a school district would contravene the provisions of FERPA and (3) that such disclosure would run afoul of the regulatory proscription against disseminating individually identified student test results. See Section 7.00 of the Arkansas Department of Education Rules and Regulations Governing Home Schools, supra.
Question 3: Is a school district entitled to home school test recordsfor those home school students who do not reside within that particularschool district?
No. See my response to previous questions.
Question 4: Is a school district entitled to test documentationrecords that would give detailed test data information on a particularhome school student provided the student has tested as required by lawor can establish that they are otherwise not considered to have losttheir home school status under Arkansas law?
As a general proposition, "no." See my response to previous questions.
In my opinion, under Arkansas law, a school district would be "entitled" to such information only if the student were enrolling or re-enrolling in a public school. As noted above, A.C.A. § 6-15-504(f) allows each school district to assess home-schooled students in order to determine their "proper educational placement" upon enrolling or re-enrolling in public school. Such information would appear to be disclosable under FERPA pursuant to 20 U.S.C. § 1232g(b)(1)(B), which permits disclosure to "officials of other school or school systems in which the student seeks or intends to enroll," providing that a parent be notified. Accord 34 C.F.R. § 99.31(a)(2). However, I do not believe a school district would be entitled to this information if, as your question suggests, the student retains his home-school status.
Question 5: Is an Arkansas school district entitled to generalstatistical test scores for all Arkansas home school students per gradespan?
I assume that by "general statistical test scores" you mean some compilation that reflects test scores district by district without identifying individual students. Although the Code does not directly address this issue, I strongly doubt that a finder of fact would conclude that school district officials are "entitled" to receive such information by virtue of their offices. I am only bolstered in this conclusion by the fact that Section 7.00 of the ADE Rules and Regulations Governing Home Schools appears to contemplate that only the ADE will receive such "administrative summaries."
Although I know of no provision of education law that would "entitle" a school district to receive such information, to the extent the information already exists in documentary form, it should be available as a "public record" under the FOIA.[3] See discussion in the attached Opinion No. 2004-018. Nevertheless, as noted at A.C.A. §25-19-105(d)(2)(C): "A custodian is not required to compile information or create a record in response to a request made under this section."
Question 6: Is the provision of Section 7.00 of the ArkansasDepartment of Education Rules and Regulations Governing Home Schoolsotherwise within the legislative authority of A.C.A. 6-15-501 etseq.?
As noted above, Section 7.00 of the ADE Rules and Regulations Governing Home Schools provides:
 Test results for home school students will be used for reporting purposes only. The parent/guardian will receive the individual student profile. The Arkansas Department of Education will receive the administrative summaries. The administrative summaries will not contain personally identifiable information.
I perceive nothing in this provision that contravenes the provisions of A.C.A. § 6-15-501 et seq. However, as discussed in my response to your previous question, it may be that the "administrative summaries" qualify as compilations independently disclosable under the FOIA.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE, Attorney General
[1] The legislature has designated an education service cooperative as a ""public agency," A.C.A. § 6-13-1019(e) (Repl. 1999), whose board of directors comprise a "public corporate body," A.C.A. § 6-13-1006(c) (Supp. 2005), charged with assisting its member school districts in pursuing their educational mission, A.C.A. § 6-13-1017 (Repl. 1999).
[2] As I noted in Opinion No. 2004-018:
 FERPA provides, generally, that educational institutions can lose their federal funding if they disclose "education records" or "personally identifiable information contained therein" without the written consent of the student or the student's parent if the student is under the age of eighteen. 20 U.S.C. § 1232g(b)(1). FERPA broadly defines the term "education records" as denoting "records, files, documents and other materials which . . . contain information directly related to a student." Id. at (a)(4)(A).
[3] "[D]ata compilations" relating to the performance of official business are included in the definition of "public records" set forth at A.C.A. § 25-19-103(5)(A).